IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFF GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-329-WKW [WO] |
| | ) |
| W. CLYDE MARSH, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This action arises out of a dispute about the pre- and post-termination procedural due process afforded to a former state employee.  Before the court is a motion to dismiss (Doc. # 11), filed by Defendant W. Clyde Marsh ("Commissioner Marsh"), who is sued in his individual capacity as State Service Commissioner for the State of Alabama Department of Veterans' Affairs ("ADVA").  Plaintiff Jeff Greene ("Mr. Greene") filed a response (Doc. # 15), to which Commissioner Marsh filed a reply (Doc. # 28).  Commissioner Marsh moves to dismiss this 42 U.S.C. § 1983 procedural due process action, arguing that it is barred by the statute of limitations, fails to state a claim, and that he is due qualified immunity.  Mr. Greene opposes dismissal on these bases.  For the reasons that follow, Commissioner Marsh's motion to dismiss is due to be granted.

# I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343.  Personal jurisdiction and venue are not contested, and there are adequate allegations of both.

# II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."  *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and internal quotation marks omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff." (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a

plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation and internal quotation marks omitted).

### III. BACKGROUND

This § 1983 action arises out of Mr. Greene's termination from the ADVA and Commissioner Marsh's alleged violation of Mr. Greene's procedural due process rights under the Fourteenth Amendment to the United States Constitution. The analysis proceeds on the following facts from the Amended Complaint, accepted as true with disputed facts resolved favorably to Mr. Greene. On or about February 15, 2006, Mr. Greene began his employment with the ADVA as a public employee. (Doc. # 10, ¶¶ 5-6 ("Am. Compl.").) Marsh was the Commissioner of the ADVA during and after Mr. Greene's employment. (Am. Compl. ¶ 7.) On a date unspecified in the Amended Complaint, Commissioner Marsh notified Mr. Greene by letter (the "termination letter") that his employment with the ADVA was terminated, effective

October 24, 2008.  (Am. Compl. ¶ 8.)  It is undisputed that Commissioner Marsh was acting under the color of state law and within his discretionary authority in terminating Mr. Greene.  (Am. Compl. ¶ 7; Doc. # 11, at 4-5; Doc. # 15, at 7-8.)  The termination letter stated that Mr. Greene could appeal his termination to the State Board of Veterans Affairs ("SBVA") within ten days.  (Am. Compl. ¶ 9.)  Mr. Greene timely appealed to the SBVA and requested a hearing.  (Am. Compl. ¶ 10.)  In February 2009, Mr. Greene received a letter, dated January 9, 2009, stating that his request for a hearing was denied.  (Am. Compl. ¶ 11.)  Ultimately, Mr. Greene was never informed of the content or substance of any allegation against him, nor was he provided a pre- or post-termination hearing.  (Am. Compl. ¶¶ 13-15.)  Nor did Commissioner Marsh provide Mr. Greene with any other means by which to challenge his termination.  (Am. Compl. ¶ 17.)

Mr. Greene also alleges a series of legal conclusions.  He avers that he held a constitutionally protected property interest in his continued employment with the ADVA.  (Am. Compl. ¶ 6.)  He also claims that Commissioner Marsh failed to provide him with adequate notice of the alleged basis for his termination, and failed to provide him with an adequate pre- and post-termination hearing concerning the deprivation of his property interest. (Am. Compl. ¶¶ 12-14.)  These violations were made possible by Commissioner Marsh's lack of established procedures to protect

4

employees' procedural due process rights. (Am. Compl. ¶¶ 18-19.) Further, Commissioner Marsh committed these procedural due process violations knowingly, intentionally, wantonly, with malice, and/or with reckless indifference of Mr. Greene's rights under the Fourteenth Amendment to the United States Constitution. (Am. Compl. ¶¶ 20, 24.)

As a result of Commissioner Marsh's actions, Mr. Greene has suffered loss of employment, damage to his reputation, loss of wages and benefits, embarrassment, humiliation, anxiety, mental distress, and emotional pain and anguish. (Am. Compl. ¶ 20.) Mr. Greene seeks reinstatement, a post-termination hearing, monetary damages, costs, attorney's fees, and expenses. (Am. Compl. ¶ 3.) He also seeks a declaratory judgment and a permanent injunction. (Am. Compl. ¶¶ 1-2.) A jury trial is also demanded. (Am. Compl. 5.)

This case was transferred, pursuant to 28 U.S.C. § 1406(a), from the Northern District of Alabama to the Middle District of Alabama. (Docs. # 17-18.) Before transferring the action, Judge Hopkins ruled on Commissioner Marsh's motion to dismiss as it pertained to venue only (Doc. # 11), leaving the remaining grounds in the motion to dismiss undecided. (*See* Doc. # 17 (no analysis of Defendant Marsh's non-venue arguments).)

## IV.  DISCUSSION

Commissioner Marsh argues that the Amended Complaint lacks sufficient factual information to state a plausible procedural due process claim.   More specifically, Commissioner Marsh argues that the Amended Complaint merely states the legal conclusion that Mr. Greene "held a constitutionally protected property interest in his continued employment with the ADVA," without offering any factual support for that conclusion.  (*See* Am. Compl. ¶ 6; Doc. # 11, at 10-13; Doc. # 28, 6-8.)  Mr. Greene responds in conclusory fashion by re-listing the averments in the Amended Complaint and arguing that he "has alleged sufficient facts to more than 'nudge' his claims across the line 'from conceivable to plausible.'" (Doc. # 15, at 6-7.)  Commissioner Marsh has the better argument.

"It is axiomatic that, in general, the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994).  "[A] § 1983 claim alleging a denial of due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.*" Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an

independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

A procedural due process claim is first analyzed by determining whether the plaintiff had a protected liberty or property interest that was infringed by government action. *Ross v. Clayton Cnty., Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999). That analysis is impossible here because Mr. Greene only alleged in conclusory fashion that he was a public employee who held a constitutionally protected property interest in his continued employment. Mr. Greene only offered his service as a public employee as factual support for a property interest in his employment. However, service as a public employee alone does not create a protected property interest in continued employment, and something more is required to trigger a property interest. *Id.* ("A public employee has a property interest in employment *if* existing rules or understandings that stem from an independent source such as state law create a legitimate claim of entitlement. This determination requires examination of relevant state law." (emphasis added; internal citations and quotation marks omitted)); *see also Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542-43 (11th Cir. 1985) (explaining that some Alabama employees have a property interest in their continued employment, and others do not). Mr. Greene has not offered any other

factual support for his claim of a protected property interest.  Thus, the Amended Complaint does not plausibly suggest on its face that Mr. Greene held a constitutionally protected interest in his continued employment.  *See Iqbal*, 129 S. Ct. at 1953.  Further, because  factual support for Mr. Greene's alleged property interest in his employment would be found in an independent source such as state law, not some evidence in the sole possession of Commissioner Marsh, the Amended Complaint does not raise a reasonable expectation that discovery will reveal evidence supporting his claim.  *Twombly*, 550 U.S. at 556.  Therefore, Mr. Greene's allegations fail to state a plausible procedural due process claim.  Similarly, the court cannot conduct the necessary qualified immunity analysis in the absence of factual support for Mr. Greene's alleged property interest in his employment.  *See, e.g.*, *Iqbal*, 129 S. Ct. at 1953-54.

In his response in opposition to the motion to dismiss, Mr. Greene requests an opportunity to amend his complaint to correct any defect in his pleadings.  (Doc. # 15, at 7.)  However, Mr. Greene's response does not include the proposed amendment or the substance of such an amendment.  *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (rejecting leave to amend where the plaintiff's request in his opposition to a motion to dismiss did not include the proposed amendment or the substance thereof).  Mr. Greene's failure to include the substance

8

of the proposed amendment is more glaring given Commissioner Marsh's detailed explanation of the insufficiency of the Amended Complaint. (*See* Doc. # 11, at 7-12 (detailing facts and law undermining Mr. Greene's conclusory allegation of a property interest in his employment).)[1]  Nor does Mr. Greene's affidavit lift the conclusory veil of the Amended Complaint:  "I was employed by the Alabama Department of Veterans Affairs and performed my duties in Etowah County, Alabama." (Doc. # 15, Ex. 1, at 1.)  Therefore, Mr. Greene's request for an opportunity to amend his complaint is denied.  Further, because Mr. Greene's Amended Complaint is due to be dismissed with prejudice for failure to state a claim, the court need not address Commissioner Marsh's statute of limitations and qualified immunity arguments.

## V.  CONCLUSION

It is ORDERED that Defendant's Motion to Dismiss (Doc. # 11) is GRANTED, and Plaintiffs' action is DISMISSED with prejudice.  A separate judgment will be entered.

DONE this 15th day of August, 2011.

---

[1] Dismissal of Mr. Greene's Amended Complaint is predicated solely on its deficiencies. Facts outside the pleadings are only mentioned at this point as evidence that Mr. Greene was on notice concerning the insufficiency of the Amended Complaint.  Given this notice, Mr. Greene's failure to include the substance of an amendment is likely indicative of the futility of further amendment of the Amended Complaint.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE